## Pupo v. Pupo

*Charles Menapace*, for plaintiff.

*Kury & Kury*, for defendant.

TROUTMAN, J., May 28, 1965.—Upon petition of defendant, a rule was granted on plaintiff to show cause why he should not pay defendant alimony pendente lite, counsel fees, costs and the expenses of transportation in the action in divorce instituted by plaintiff. This rule was made returnable April 26, 1965. Pursuant to this rule, and for the purpose of obtaining evidence to present at the hearing thereon, defendant caused to be filed on April 12, 1965, written interrogatories directed to defendant and to Lawrence P. D'Antonio, Esq., both of whom reside in Tucson, Arizona. These written interrogatories were filed under the provisions of Pennsylvania Rule of Civil Procedure 4033(a)(2). Service of a copy of the written interrogatories was accepted by the attorney for plaintiff who subsequently filed objections to the same which are now before the court for disposition.

Plaintiff has filed five objections to interrogatories propounded to Lawrence D'Antonio, Esq., and five objections to certain of the interrogatories propounded to defendant, Theresa Pupo. The fifth objection made to the written interrogatories propounded both to D'Antonio and Theresa Pupo is that the written interrogatories are filed pursuant to Pa. R. C. P. 4033(2) when, in fact, there is no such rule. Defendant made a mistake in quoting the rule, the proper quotation being

Pa. R. C. P. 4003 (a) (2). This is a typographical error which may be corrected. The objection is overruled.

The fourth objection filed to each of the written interrogatories complains that they do not indicate the name and address of the examiner or the time and place of taking the depositions. We are of the opinion that this objection is well taken. Rule 4004 provides the procedure for taking depositions by written interrogatories, stating that the party taking a deposition by written interrogatories must file the interrogatories with the prothonotary of the court and serve a copy on each party or his attorney of record. Rule 4004 (a) contains no express requirement like that in rule 4003 (c) in the case of oral examination, that notices of the time and place of the deposition and the person before whom it will be taken be given. Notice of the place, the person and the identity of the witness are, however, required by implication. The fact that rule 4015 provides before whom depositions may be taken certainly implies that the opponent should know who the person is, so that he might determine his qualifications. See Goodrich-Am., §4004 (a)-1, p. 43. The fourth objection must be sustained. The written interrogatories should show before whom the depositions are to be taken as well as the time and place of the taking of the same.

The remaining objections complain that certain of the interrogatories call for irrelevant and incompetent evidence. Rule 4004 (b) provides that all objections to the form of the written interrogatories are waived unless filed and served within the time specified in the rule, and further provides that all other objections may be made at the trial, except as otherwise provided by rule 4016. Rule 4016 (b) provides that objections to the competency of a witness, or to the competency, relevancy or materiality of the testimony, are not waived by failure to make them before or during the taking of

the deposition, unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time. This rule limits the waiver of objections in the case of written interrogatories to the form of notice, the qualifications of the officer, the form of the questions in the interrogatories, the competency, relevancy or materiality of the questions in the interrogatories and the competency of the witness.

Plaintiff objects to the second, third and fourth interrogatories propounded to Lawrence D'Antonio, Esq., on the ground of irrelevancy. These interrogatories direct the proponent to state in detail the services rendered to defendant by him to date in the divorce action, the fee charged for his services and a comparison of this fee with the fees generally charged in his area for such services. We find no merit in the objections to these interrogatories. The matters inquired of may become relevant at the hearing on the rule, or they may not. Ordinarily, the wife-defendant in a divorce action has a right to be compensated for expenses for legal services and advice in respect to the case. The complaint was served upon defendant in Tucson, Arizona, and it would be only natural for her to consult an attorney in the place where she lives, upon receipt of such service. The interrogatories inquire as to the services furnished defendant to date, and do not indicate any claim for future legal services by the deponent. Unless the circumstances are unusual, this court will not permit a duplication of legal fees for unnecessary counsel. See Markley v. Markley, C. P. Northumb. County, September term, 1962, no. 370. At this point, the claim apparently is not for fees of co-counsel, but only for services rendered defendant in Tucson, Arizona. The first, second and third objections to the interrogatories propounded to D'Antonio are overruled.

Plaintiff objects to the third interrogatory propounded to defendant on the ground that the matter requested is irrelevant as to any bills for legal services rendered by anyone other than her Pennsylvania attorney. We find no merit in this objection, inasmuch as legal services rendered prior to the obtaining of legal counsel in Pennsylvania may have been necessary for the preparation of her defense.

Plaintiff objects to the ninth and tenth interrogatories propounded to defendant on the ground that they seek hearsay testimony. The ninth interrogatory inquires as to the cost of travel to Sunbury, Pennsylvania, from Tucson, Arizona, for the purpose of defending herself, listing the cost of various means of transportation, and the tenth paragraph inquires as to the cost per day of maintaining herself in Pennsylvania during the litigation. Any answer made by defendant to these questions would be purely hearsay, and we find these objections to be well taken. Sources of information concerning the rates of transportation would be readily available by witnesses in the vicinity of Sunbury, Pennsylvania, as would be the cost of accommodations. The second and third objections to the interrogatories propounded to defendant are sustained.

### ORDER

And now, to wit, May 28, 1965, plaintiff's fourth objection to the written interrogatories propounded to Lawrence P. D'Antonio, Esq., and defendant, Theresa Pupo, is hereby sustained. Plaintiff's second and third objections to interrogatories nine and ten propounded to defendant, Theresa Pupo, are hereby sustained. The remaining objections are hereby overruled. Defendant is given a period of 20 days to file written interrogatories in conformity with this opinion.

Let an exception be noted for defendant.